**E-FILED**

# DISTRICT COURT OF MARYLAND FOR Worcester County

**Worcester District Court - Snow Hill**
12/22/2016 12:12:42 PM

LOCATED AT (COURT ADDRESS)

301 Commerce Street
Snow Hill, MD  21863-1007

**CV**

CASE NO.

**COMPLAINT/APPLICATION AND AFFIDAVIT
IN SUPPORT OF JUDGMENT**

☐ $5,000 or under ☐ over $5,000 ☐ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☐ tort
☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are:

See attached Complaint pleading and exhibits thereto.

## PARTIES

Plaintiff

Rona & Brian Schneck
4 Henrys Mills Drive
Berlin, MD  21811

### VS.

| Defendant(s): | Serve by: |
|---|---|
| 1. Experian Information Solutions, Inc. SERVE ON: The Corporation Trust, Resident Agent 351 W. Camden Street Baltimore, MD  21201 | ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff |
| 2. Equifax Information Services, LLC SERVE ON: CSC-Lawyers Incorporating Service Co., Resident Agent 7 St. Paul St., #1660, Baltimore, MD  21202 | ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff |
| 3. Trans Union LLC SERVE ON: CSC-Lawyers Incorporating Service Co., Resident Agent 7 St. Paul St., #1660, Baltimore, MD  21202 | ☒ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff |
| 4. | ☐ Certified Mail ☐ Private Process ☐ Constable ☐ Sheriff |

(See Continuation Sheet)

The Plaintiff claims $ 28,000 per D , plus interest of $_____ ,
Interest at the ☐ legal rate ☐ contractual rate calculated at _____
%, from _____ to _____ ( _____ days x $ _____
per day) and attorney's fees of $ TBD plus court costs.
☐ Return of the property and damages of $ _____
   for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
   $ _____ for its detention in action of detinue.
☐ Other: _____
   and demands judgment for relief.
//s// Phillip Robinson
Signature of Plaintiff/Attorney/Attorney Code
Printed Name: Phillip Robinson
Address: 8737 Colesville Road, Suite 308, Silver Spring, MD 20910
Telephone Number: (301) 448-1304
Fax: (301) 298-1409
E-mail: phillip@marylandconsumer.com

## ATTORNEYS

For Plaintiff - Name, Address, Telephone Number & Code

Phillip Robinson
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910

## MILITARY SERVICE AFFIDAVIT

☐ Defendant(s)_____ is/are in the military service.
☒ No Defendant is in the military service. The facts supporting this statement are: Each defendant is a corporation and corporations are
not permitted to serve as members of any military service of the United States of America.
Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to
the best of my knowledge, information, and belief.

December 12, 2016                                    //s// Phillip Robinson
Date                                                Signature of Affiant

## APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT (See Plaintiff Notice on Back Page)

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the
claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to
the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the
Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am
competent to testify to these matters.

_____
Date

_____
Signature of Affiant

DC-CV-001 (front) (Rev. 01/2016)

## NOTICE TO DEFENDANT
### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing,** a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU <u>DISAGREE</u> WITH THE COURT'S RULING,** you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-109A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:

   - **more than $5,000,** you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).

   - **$5,000 or less,** you will have a new trial in the Circuit Court.

   On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

**IF YOU DECIDE <u>NOT</u> TO APPEAL AND <u>NOT</u> TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.**

## NOTICE TO PLAINTIFF
### REQUESTING A JUDGMENT BY AFFIDAVIT OR DEFAULT:

Federal Law requires the filing of a military service affidavit. Information about the Servicemembers Civil Relief Act and the required affidavit can be found on the court's website at: http://mdcourts.gov/reference/scra.html.

### AFTER THE COURT ENTERS A JUDGMENT:

1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.

2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

E-FILED
Worcester District Court - Snow Hill
12/12/2016 12:12:42 PM

## IN THE DISTRICT COURT OF MARYLAND FOR WORCESTER COUNTY

**RONA SCHNECK**                      *
**BRIAN SCHNECK**                     *
4 Henrys Mills Drive                  *
Berlin, MD  21811                     *
     Plaintiffs                    *
                                  *
   v.                      *        Case No.:
                                  *
                                  *
**EXPERIAN INFORMATION**              *
**SOLUTIONS, INC.**                   *
                                  *
  505 City Parkway, West      *
  Orange, California 92668    *
                                  *
  <u>Serve on Resident Agent:</u>   *
  The Corporation Trust Inc.  *
  351 West Camden Street      *
  Baltimore, Maryland  21201-7912   *
                                  *
And                                   *
                                  *
**EQUIFAX INFORMATION**               *
**SERVICES, LLC**                     *
  1550 Peachtree Street NW    *
  Atlanta, Georgia  30309     *
                                  *
  Serve on Resident Agent:    *
  CSC-Lawyers Incorporating   *
  Service Co.                 *
  7 St. Paul Street., Suite 1660   *
  Baltimore, Maryland  21202  *
                                  *
And                                   *
                                  *
                                  *

**TRANS UNION, LLC**          *

   1013 Centre Road          *

   Wilmington, Delaware 19805          *

   Serve on Resident Agent:          *

   CSC-Lawyers Incorporating          *

      Service Co.          *

   7 St. Paul Street., Suite 1660          *

   Baltimore, Maryland 21202          *

          *

   Defendants          *

## COMPLAINT

Plaintiffs Rona and Brian Schneck ("Mr. & Mrs. Schneck" or "Plaintiffs")), by their attorneys Phillip R. Robinson of the CONSUMER LAW CENTER, LLC, sue Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, LLC ("Experian")(collectively "Defendants" or "CRAs") and state:

### I. INTRODUCTION

1.      Plaintiffs applied for credit and learned that each of the Defendants, as credit reporting agencies, were reporting errors in each of the records relating to them and insisted that each of the CRAs correct records related to them. The errors concern knowingly untrue and false information reported by a prior creditor of Mr. & Mrs. Scheck which was involved in litigation in the U.S. District Court for the District of Maryland. That litigation resulted in a judgment in favor of the Plaintiffs on all claims—including the false credit reporting related to their former mortgage.

2.       Each of the CRAs failed to reinvestigate the Plaintiffs' disputes as required by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("**FCRA**") and each refused to correct and failed to correct their files on Mr. & Mrs. Schneck. Each of the CRAs continue to report inaccurate information concerning Mr. & Mrs. Schneck and fail to report that the information is disputed by Mr. & Mrs. Schneck. Mr. & Mrs. Schneck continue to suffer damages as the direct result of the CRAs' violation of the FCRA.

3.       The computerization of our society has resulted in a significant increase in data concerning individual American citizens. Data technology, whether it is used by businesses, banks, the Internal Revenue Service or other institutions, allows information concerning individual consumers to be exchanged instantaneously to requesting parties. Such timely information is intended to lead to faster, more accurate, and improved services by its recipients.

4.  However, in circumstances like this matter the data exchanged and provided by the CRAs to others is often inaccurate and the CRAs do not have adequate procedures in place to reasonably investigate disputes and avoid the incorrect information reported by them from being misused and misinterpreted. Individual consumers like Mr. & Mrs. Schneck can sustain substantial harm, both emotionally and economically, whenever inaccurate or fraudulent information is disseminated and/or obtained about them from the CRAs.

5.  The CRAs sell to readily paying subscribers (i.e., retailers, landlords, lenders, potential employers and similar interested parties) information, commonly

3

called "consumer reports," concerning individuals who may be applying for retail credit, for the lease of an apartment, for a car or mortgage loan, for employment or the like.

6. Since 1970, when Congress enacted the FCRA, federal law has required CRAs to implement and utilize reasonable procedures "to assure maximum possible accuracy" of the personal, private and financial information that they compile and sell about individual consumers.

7. Requiring CRAs to assure the "maximum possible accuracy" of consumer information is crucial to the stability of our banking system, to wit:

The banking system is dependent upon fair and accurate credit reporting.

Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

8. To further the primary goal of greater accuracy, the FCRA requires CRAs to conduct "reasonable investigations" into disputes lodged to CRAs by consumers claiming to have inaccurate or incomplete information appearing in their credit reports, to correct or update any such errors or omissions, and to report back to the consumers the results of their investigations.

9. This action seeks compensatory, statutory, and punitive damages, costs and reasonable attorneys' fees for Plaintiffs Mr. & Mrs. Schneck against the

Defendant CRAs for their willful and/or negligent violations of the Fair Credit Reporting Act.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. § 4-401.

11.     Venue is appropriate in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-201.

## PARTIES

12.     Plaintiffs Rona and Brian Schneck reside at 4 Henrys Mills Drive, Berlin, MD 21811.

13.     Defendant Equifax Information Services, LLC ("Equifax") is, upon information and belief, a Georgia limited liability company with its principal place of business at 1550 Peachtree Street, NW, Atlanta, Georgia; is registered to do business in Maryland (SDAT ID: Z06334684); and is licensed by Maryland as a Consumer Reporting Agency.

14.     Defendant Trans Union, LLC ("TransUnion") is, upon information and belief, a Delaware limited liability company with its principal place of business at 1013 Centre Road, Wilmington, Delaware; is registered to do business in Maryland (SDAT ID: Z05199849); and is licensed by Maryland as a Consumer Reporting Agency.

5

15.     Defendant Experian Information Solutions, Inc. ("Experian") is, upon information and belief, an Ohio corporation with its principal place of business at 505 City Parkway West, Orange, California; is registered to do business in Maryland (SDAT ID:  F04510434); and licensed by Maryland as a Consumer Reporting Agency.

16.     Not named as a party in this action, SunTrust Mortgage Inc. ("SunTrust") furnishes credit information to the Defendant CRAs including credit information related to Mr. & Mrs. Schneck's prior mortgage loan.  Upon information and belief SunTrust and the Defendant CRAs have each entered into contractual relations related to the exchange of this information for all periods covered by this Complaint.

## AVERMENTS

17.     On all dates relevant to this litigation, Mr. & Mrs. Schneck were consumers.

18.     SunTrust and Mr. & Mrs. Schneck previously were involved in a dispute concerning Plaintiffs' prior mortgage loan which was serviced by SunTrust on behalf of Freddie Mac.  That dispute led to litigation in the United States District Court for the District of Maryland (Case No. 11-1878)("Prior Litigation") based upon that Court's jurisdiction .

19.     In the Prior Litigation, Mr. & Mrs. Schneck alleged that SunTrust's actions

by threatening and reporting foreclosure and a default when Mr. & Mrs. Schneck

were current on their mortgage loan caused "damage[d] their credit." *See*

Amended Complaint (Doc. 32) at ¶ 40.   The Prior Litigation resulted in a

judgment being entered in favor of Mr. & Mrs. Scheck on all claims and counts

including Mr. & Mrs. Schneck's claim that SunTrust's actions had unfairly,

deceptively, and wrongly damaged their credit. *See* Exhibit 1.

20.     The judgment in the Prior Litigation (i.e. Exhibit 1) is a Final Judgment and

neither SunTrust nor any other person took any appeal from it.

21.     Notwithstanding the preclusive judgment in favor of Mr. & Mrs. Schneck

in the Prior Litigation SunTrust apparently continued to furnish, after the entry of

the judgment (Exhibit 1) in the Prior Litigation, false information related to Mr. &

Mrs. Schneck's prior mortgage loan to the CRAs falsely and deceptively claiming

the loan was in past due, default, and/or foreclosure.   A summary of SunTrust's

false information reported to the CRAs is as follows:

| CRA Report | Date of CRA Report | False and Incorrect Information Furnished by SunTrust to CRA |
|---|---|---|
| Experian | September 14, 2012 | Past Due Payments in June-September 2011 |

| CRA Report | Date of CRA Report | False and Incorrect Information Furnished by SunTrust to CRA |
|---|---|---|
| Transunion | February 18, 2014 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Equifax | February 19, 2014 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| TransUnion<br><br>R. Schneck | August 27, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Equifax<br><br>R. Schneck | August 27, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Experian<br><br>R. Schneck | August 27, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| TransUnion<br><br>B. Schneck | September 2, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |

| CRA Report | Date of CRA Report | False and Incorrect Information Furnished by SunTrust to CRA |
|------------|--------------------|-------------------------------------------------------------|
| Equifax<br><br>B. Schneck | September 2, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Experian<br><br>B. Schneck | September 2, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| TransUnion | October 21, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Experian | October 20, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Equifax<br><br>R. Schneck | October 21, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |

22.      In response to the false and incorrect information reported by SunTrust to

each of the CRAs summarized above, Mr. & Mrs. Schneck, pursuant to the FCRA,

sent dispute letters to each CRA on or about December 10, 2013, requesting that

they perform a reasonable investigation of the dispute and remove the derogatory,

9

| CRA Report | Date of CRA Report | False and Incorrect Information Furnished by SunTrust to CRA |
|---|---|---|
| Equifax<br><br>B. Schneck | September 2, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Experian<br><br>B. Schneck | September 2, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| TransUnion | October 21, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Experian | October 20, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |
| Equifax<br><br>R. Schneck | October 21, 2016 | Past Due/Delinquent Payments in June-September 2011, and in March, April and December 2012 |

22.     In response to the false and incorrect information reported by SunTrust to each of the CRAs summarized above, Mr. & Mrs. Schneck, pursuant to the FCRA, sent dispute letters to each CRA on or about December 10, 2013, requesting that they perform a reasonable investigation of the dispute and remove the derogatory,

false information.   In support of this correspondence Mr. & Mrs. Schneck provided the CRAs with sufficient information to verify that the reporting was incorrect and also inconsistent with the judgment (Exhibit 1) from the Prior Litigation which was in favor of Mr. & Mrs. Schneck on all claims including the false credit reporting.

23.     Each of the Defendants received copies of the disputes acknowledged in the proceeding paragraph and therefore had knowledge of the issues.   Each responded as follows:

  A. On January 2, 2014, Experian responded to Mr. & Mrs. Schneck and stated as follows:   "We have completed the processing of your dispute(s). Here are the results: SunTrust Mortgage: remains." No changes were made to the SunTrust Mortgage payment history.

  B. On December 21, 2013, Equifax responded to Mr. Schneck and stated as follows:   "Case or ID#20532006 – This judgment is currently reporting as satisfied." This response did not relate to Mr. Schneck's inquiry. No changes were made to his SunTrust Mortgage payment history.

  C. On December 21, 2013, Equifax responded Mrs. Schneck and stated as follows:   "The disputed judgment 11-1878 is currently not reporting on the Equifax file." This response did not relate to Mrs. Schneck's inquiry, as she was disputing SunTrust's reporting of her mortgage account, not the

judgment she had attached as an exhibit to her inquiry. No changes were made to Mrs. Schneck's SunTrust Mortgage payment history.

24.     Based on the Defendants' responses summarized in the preceding paragraph, neither performed a reasonable investigation since they apparently failed to read and evaluate the disputes sent to them and failed to understand the preclusive effect of the judgements entered in favor of the consumers—i.e. the Plaintiffs.   However, as part of their routine and regular practice each CRA understands the effect of judgments against consumers since they each regularly report the same against consumers on consumer credit reports.

25.     In response to the continued false and incorrect information reported by SunTrust to each of the CRAs summarized in ¶ 21 above, Mr. & Mrs. Schneck, pursuant to the FCRA, also sent dispute letters to each CRA on or about September 28, 2016, requesting that they perform a reasonable investigation of the dispute and remove the derogatory, false information.   In support of this correspondence Mr. & Mrs. Schneck provided the CRAs with sufficient information to verify that the reporting was incorrect and also inconsistent with the judgment (Exhibit 1) from the Prior Litigation which was in favor of Mr. & Mrs. Schneck on all claims including the false credit reporting.

26.     Each of the Defendants received copies of the disputes acknowledged in the

proceeding paragraph and had knowledge of the issues based upon Plaintiffs' prior

disputes to them.  Each responded as follows:

A. On October 21, 2016, TransUnion responded to Mr. & Mrs. Schneck and
stated as follows:   "New information reported below."  However,
TransUnion made no changes to the falsely reported late payments on the
SunTrust Mortgage account.

B. On October 20, 2016, Experian responded to Mr. & Mrs. Schneck and
stated as follows:  "This item was updated from our processing of your
dispute in October, 2016."  However, Experian made no changes to the
falsely reported late payments on the SunTrust Mortgage account.

C. On October 21, 2016, Equifax responded to Mrs. Schneck and stated as
follows: "The prior payment history on this account has been updated."
However, Equifax made no changes to the falsely reported late payments
on the SunTrust Mortgage account.

D.  On October 21, 2016, Equifax responded to Mr. Schneck and stated as
follows: "The disputed judgment 11:1878ccb is currently not reported on
Equifax file." This response did not relate to Mr. Schneck's inquiry, as he
was disputing SunTrust's reporting of his mortgage account, not the

judgment he had attached as an exhibit to his inquiry. No changes were made to Mr. Schneck's SunTrust Mortgage payment history.

27.     So, from the CRAs' experiences related to court judgements and their understanding and appreciation of court judgments as to the credit worthiness of a consumer, the Defendants' responses summarized in ¶¶ 23, 26 and in response to Mr. & Mrs. Schneck's disputes show that the Defendants unreasonably disregarded the judgment in Plaintiffs' favor and knowingly and willfully failed to reasonably investigate the false, negative information given to them by SunTrust.

28.     No reasonable person would believe that a CRA would on the one hand report judgments against consumers by furnishers of credit information on various credit reports as part of their routine practices but simply regard, as the Defendants did here, judgments entered against the same furnishers of credit information and in favor of consumers like the Plaintiffs.

29.     Each of the Defendants have knowledge of facts and circumstances related to issues like those raised in this action from prior actions brought against them on a similar basis including the well pled facts in a Complaint filed in the U.S. District Court for the District of Maryland captioned *Deener v. Equifax Information Services, LLC* et al., Case No. 1:14-cv-03631-RDB.

30.     In each of their December 10, 2013 and September 28, 2016 letters to Equifax, TransUnion, and Experian, Mr. & Mrs. Scheck requested that the CRA

investigate information concerning the status of their former debt with SunTrust and respond to DEENER within the time-frame required by the FCRA.

31.    Mr. & Mrs. Scheck attached copies of the judgment in their favor from the Prior Litigation and their Second Amended Complaint to each of their December 10, 2013 and September 28, 2016 dispute letters to the Defendants.

32.    None of the CRAs ever asked for any clarifications from Mr. or Mrs. Schneck as to the dispute letters; nor did they ask SunTrust to provide to them any basis for why judgment was entered against it and in favor of Mr. & Mrs. Schneck on their claim for credit damages.  Instead, the Defendants simply accepted the same false, negative information provided to them by SunTrust which they know conflicts with the judgment entered against SunTrust and in favor of Mr. & Mrs. Schneck.  Each of the CRAs also elected to knowingly continue reporting the same negative, false information.

33.    As a direct and proximate result to the Defendants' actions described herein, Mr. & Mrs. Schneck have suffered damages and losses including:

   A. They have sustained out of pocket damages writing to certain of the Defendants and CRAs in good faith and incurred legal fees.

   B. They were denied market rate credit on a personal refinance of their home and Property (to get rid of SunTrust) which occurred on January 30, 2014 and they were forced to accept a higher interest rate than they would have

qualified (according to their mortgage loan officer). Specifically, the mortgage loan they were forced to accept was at the rate of 4.375% and the rate they would have otherwise have qualified for would have equaled 3.375%. In the two years preceding the filing of this Complaint, Mr. & Mrs. Schneck have paid $3,410.29 more in interest payments than they would have had to pay if the credit reporting had been true and accurate by the Defendants. Over the remaining life of the loan, Mr. & Mrs. Schneck will pay an extra $24,293.91 in interest they would not have had to pay but for the CRA's failure to have adequate procedures in place in investigate the Plaintiffs' dispute.

C. They were denied market rate credit again on a finance of a second home in Annapolis which occurred on November 3, 2016 and they were forced to accept a higher interest rate than they would have qualified (according to their mortgage loan officer). Specifically, the mortgage loan they were forced to accept was at the rate of 4.25% and the rate they would have otherwise have qualified for would have equaled 3.75%. Over the course of this loan, Mr. & Mrs. Schneck will pay an additional $12,245.22 more in interest payments than they would have had to pay if the credit reporting had been true and accurate by the Defendants.

D. Mrs. Schneck was denied credit for a new car on November 29, 2016 by DarCars CJD of New Carrollton in part due to the same false, purported "serious delinquency" reported by SunTrust to Equifax and TransUnion

such to this action which each has failed to perform any reasonable investigation and have continued to re-report the same false information described above.

E. Mr. & Mrs. Schneck have sustained damage to their reputation and standing in the community and otherwise have suffered emotional damages manifested by embarrassment, frustration, annoyance, and anger because they believed, in good faith, that the Judgment (Exhibit 1) entirely in their favor resolved the issues described herein related to the false, derogatory information submitted by SunTrust to the CRAs; however, the Defendants have simply ignored their responsibilities and Mr. & Mrs. Schneck's good faith notice of the issue before filing this action.

### COUNT I — VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) (AGAINST EQUIFAX ONLY)

34.    Plaintiffs adopt by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

35.    Information regarding *the Prior Litigation is* public and accessible by Equifax.

36.    Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Mr. & Mrs. Schneck.

37.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Mr. & Mrs. Schneck's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to SunTrust; by failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. & Mrs. Schneck's credit file; and by relying upon verification from a source it has reason to know is unreliable.

38.     As a result of the conduct, action, and inaction of Equifax, Mr. & Mrs. Schneck suffered damages and losses of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of available credit only at less than market rates—even though they have always paid all their bills and obligations on-time and they have never overextended themselves.

39.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Mr. & Mrs. Schneck to recover under 15 U.S.C. § 1681o.

40.     Mr. & Mrs. Schneck are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and or § 1681o.

**WHEREFORE**, Plaintiffs Rona and Brian Schneck demand judgment against Defendant Equifax Information Services, LLC for

[I]     compensatory damages and punitive damages equal to $28,000 to be determined by the Court;

[II]    the Plaintiff's reasonable attorney fees;

[III]   the costs of this litigation, and

[IV]    the costs of this litigation.


## COUNT II — VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) (AGAINST TRANSUNION ONLY)

41.     Plaintiffs adopt by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

42.     Information regarding *the Prior Litigation is* public and accessible by TransUnion.

43.     TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Mr. & Mrs. Schneck.

44.     TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Mr. & Mrs. Schneck's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to

18

forward all relevant information to SunTrust; by failing to maintain reasonable procedures with which to filter and verify disputed information in Mr. & Mrs. Schneck's credit file; and by relying upon verification from a source it has reason to know is unreliable.

45.     As a result of the conduct, action, and inaction of TransUnion, Mr. & Mrs. Schneck suffered damages and losses of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of available credit only at less than market rates—even though they have always paid all their bills and obligations on-time and they have never overextended themselves.

46.     TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Mr. & Mrs. Schneck to recover under 15 U.S.C. § 1681o.

47.     Mr. & Mrs. Schneck are entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and or § 1681o.

**WHEREFORE**, Plaintiffs Rona and Brian Schneck demand judgment against Defendant TransUnion LLC for

[i]      compensatory damages and punitive damages equal to $28,000 to be determined by the Court;

[ii]      the Plaintiff's reasonable attorney fees;

[iii]      the costs of this litigation, and

[iv]      the costs of this litigation.

### COUNT III — VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) (AGAINST EXPERIAN ONLY)

48.      Plaintiff adopts by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

49.      Plaintiffs adopt by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

50.      Information regarding *the Prior Litigation is* public and accessible by Experian.

51.      Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning Mr. & Mrs. Schneck.

52.      Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Mr. & Mrs. Schneck's credit files after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to SunTrust; by failing to maintain reasonable

procedures with which to filter and verify disputed information in Mr. & Mrs. Schneck's credit file; and by relying upon verification from a source it has reason to know is unreliable.

53.     As a result of the conduct, action, and inaction of Experian, Mr. & Mrs. Schneck suffered damages and losses of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of available credit only at less than market rates—even though they have always paid all their bills and obligations on-time and they have never overextended themselves.

54.     Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Mr. & Mrs. Schneck to recover under 15 U.S.C. § 1681o.

55.     Mr. & Mrs. Schneck are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and or § 1681o.

**WHEREFORE,** Plaintiffs Rona and Brian Schneck demand judgment against Defendant Experian Information Solutions, LLC for

[i]     compensatory damages and punitive damages equal to $28,000 to be determined by the Court;

21

[ii]     the Plaintiff's reasonable attorney fees;

[iii]    the costs of this litigation, and

[iv]     the costs of this litigation.

1Respectfully Submitted,

//s//Phillip Robinson

Phillip R. Robinson
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304

*Attorneys for Plaintiff*

## RULE 20-201 CERTIFICATION

I hereby certify that this filing does not contain any restricted information.

//s// Phillip Robinson
Phillip Robinson

## IN THE DISTRICT COURT OF MARYLAND FOR WORCESTER COUNTY

| | | |
|---|---|---|
| **RONA SCHNECK** | * | |
| **BRIAN SCHNECK** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Case No.: |
| | * | |
| | * | |
| **EXPERIAN INFORMATION** | * | |
| **SOLUTIONS, INC.** | * | |
| | * | |
| And | * | |
| | * | |
| **EQUIFAX INFORMATION** | * | |
| **SERVICES, LLC** | * | |
| | * | |
| And | * | |
| | * | |
| **TRANS UNION, LLC** | * | |
| | * | |
| Defendants | * | |

# EXHIBIT 1 TO THE COMPLAINT

Case 1:16-cv-04072-JKB   Document 2·  Filed 12/22/16   Page 27 of 27
Case 1:11-cv-01878-CCB   Document 98   Filed 11/12/13   Page 1 of 1

Case 1:11-cv-01878-CCB   Document 97-3   Filed 11/11/13   Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

BRIAN SCHNECK                    *
RONA SCHNECK                     *
                                 *
                 Plaintiffs      *
                                 *
v.                               *
                                 *
SUNTRUST MORTGAGE, INC.          *    Case No.: 11-1878-CCB
                                 *
                 Defendant       *

### ORDER & FINAL JUDGMENT

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiffs Rona and Brian Schneck, have accepted the offer from Defendant SunTrust Mortgage, Inc. to allow judgment to taken against it for all claims presented in this action by the Plaintiffs[1] (ECF. _97-2_ ). Accordingly, it is this _12th_ day of November, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Judgment BE, and the same hereby IS, ENTERED in favor of Plaintiffs Rona and Brian Schneck and against Defendant SunTrust Mortgage Inc. in the amount of ONE HUNDRED and SEVENTY-FIVE THOUSAND DOLLARS ($175,000.00).

2. Defendant will pay post-judgment interest pursuant to 28 U.S.C. § 1961.

3. The clerk will transmit a copy of this Order to counsel for the parties and CLOSE this case.

_/s/ CCB_
_____
The Honorable Catherine C. Blake
District Judge

---

[1] Those claims included: (i) Count I of their Amended Complaint (Doc. 32) under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"); (ii) Count II under the Maryland Consumer Debt Collection Act, MD CODE, COMM. LAW, § 14-201 *et seq.* ("MCDCA"); (iii) Count III under the Maryland Consumer Protection Act, MD. CODE ANN. COM. LAW § 13-101 *et. seq.* ("MCPA"); and (iv) Count IV under Maryland Mortgage Fraud Protection Act, MD. ANN. CODE, REAL PROP. § 7-401 MD. REAL PROP., *et seq.* ("MMFPA").

1